In re Petition for DISCIPLINARY ACTION AGAINST John Allen HATLING, a Minnesota Attorney, Registration No. 167630.

No. A09–1846.

Supreme Court of Minnesota.

Jan. 11, 2011.

ORDER

Following respondent's guilty plea and conviction of felony failure to file Minnesota income taxes, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent John Allen Hatling committed professional misconduct warranting public discipline. Respondent admitted that his conduct violated Minn. R. Prof. Conduct 8.4(b) and (c), but requested the appointment of a referee to make recommendations as to the appropriate discipline this court should impose.

A hearing was held before a referee appointed by the court to make findings of

fact, conclusions of law, and recommendations for disposition, at which respondent and the Director stipulated to certain facts and at which respondent testified. After the hearing, the referee filed findings of fact, conclusions of law, and recommendations for disposition. The referee recommended that respondent be suspended for 45 days and, upon reinstatement, be subject to unsupervised probation for a period of two years. The parties stipulated that the referee's findings of fact and conclusions of law are conclusive and jointly recommended the imposition of the discipline recommended by the referee.

Because we have stated that, in the absence of mitigating circumstances, the presumptive discipline for a felony conviction is disbarment, *see, e.g., In re Andrade,* 736 N.W.2d 603, 605 (Minn.2007), by order filed on July 21, 2010, we requested memoranda from the parties as to why respondent should not be disbarred. The court received responses from the Director and respondent and, on January 6, 2011, heard oral argument from the parties.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective 10 days from the date of filing of this order, respondent John Allen Hatling is suspended from the practice of law for a period of 45 days, subject to the following terms and conditions:

(a) Respondent shall be reinstated to the practice of law upon the expiration of the suspension period by filing with the Clerk of Appellate Courts and serving upon the Director, not less than two weeks before the end of the suspension period, an affidavit establishing that respondent has complied with Rule 24, Rules on Lawyers Professional Responsibility (RLPR) (requiring payment of costs and disbursements), Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and is current in continuing legal education requirements.

(b) Within one year from the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof that respondent has successfully completed the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

(c) Upon reinstatement, respondent shall be subject to unsupervised probation for a period of two years under the following conditions:

(1) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of probation.

(2) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(3) Respondent shall timely file all required state and federal tax returns, including individual and employer withholding returns, and shall timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of

the required returns, his compliance with filing and payment requirements and shall provide the Director with copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for extensions and proof of approval of such extensions where approval by the taxing authority is required for the extension to be effective. Respondent shall provide the documents and information required by this paragraph without specific reminder or request.

(4) Within 60 days of being reinstated to the practice of law, respondent shall have entered into agreements satisfactory to the Internal Revenue Service (IRS) and the Minnesota Department of Revenue (DOR) for the payment of all unpaid taxes. Respondent shall provide the Director with copies of the payment agreements and proof that respondent is current on payments required by the agreements. If, despite diligent efforts, respondent has not reached agreement with the IRS and the DOR, respondent shall report monthly to the Director concerning his progress until written payment agreements have been signed with both the IRS and the DOR.

Respondent shall pay costs of $900 pursuant to Rule 24, RLPR, and disbursements in an amount to be determined in compliance with Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice